**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Geoffrey Hewlett Jr., | Case No. 2:26-cv-00471-CDS-BNW |
| Plaintiff, | |
| v. | **Order** |
| Experian, | |
| Defendant. | |

Plaintiff is proceeding *pro se* under 28 U.S.C. § 1915 and has requested authority to proceed *in forma pauperis.* (ECF No. 6). Plaintiff also submitted a complaint. ECF No. 1-1.

**I.    *In forma pauperis* application.**

Plaintiff has filed the application required by § 1915(a). ECF No. 1. Plaintiff has shown an inability to prepay fees and costs or to give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). This Court will now review Plaintiff's complaint.

**II.    Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d

719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### A.     Fair Credit Reporting Act.

Under Section 1681i of the Fair Credit Reporting Act (FCRA),

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such a dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.  15 U.S.C.A. § 1681i(a)(1)(A).

In addition, 15 U.S.C.A. § 1681e(b) provides that,

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Plaintiff asserts he contacted Experian to report that information in his credit report was incorrect (i.e., Apple and Trust Bank accounts, etc.). He asserts that while Experian did remove *some* of the incorrect information, some of it remained on his credit report. Plaintiff sent documents to show that the remaining inaccuracies needed to be removed, but Experian lost these documents. In addition, Experian declared that Plaintiff was a "credit repair company" and did not re-investigate the claim. Plaintiff's claims under 15 U.S.C.A. § 1681i(a)(1)(A) and 15 U.S.C.A. § 1681e(b) will thus proceed against Experian.[1]

**III.    Conclusion**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's claims will proceed against Defendant Experian.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff one blank copy of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have 30 days to fill out the required USM-285 form and send it to the U.S. Marshals Service. On the form, Plaintiff must fill in defendant's last-known address.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue a summons for Experian.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the issued summons, and the operative complaint (ECF No. 1-1) on the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that upon receipt of the USM-285 form, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the defendant.

---

[1] This order does not preclude Defendant from filing a motion to dismiss.

**IT IS FURTHER ORDERED** that, within 90 days of today's order, the U.S. Marshals Service shall file the summons returned as executed or a notice indicating why service has not been effectuated.

**IT IS FURTHER ORDERED** that from this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

DATED: February 26, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE